Filed 1/17/23 P. v. Roberts CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B319437 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA295768 |
| JOSHUA ROBERTS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge. Affirmed.

Janyce Keiko Imata Blair, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

On February 22, 2022, defendant Joshua Roberts filed a second petition for resentencing under Penal Code[1] section 1170.95.[2] On March 9, 2022, the trial court summarily denied the petition without appointing counsel and without issuing an order to show cause. The court explained that defendant's prior petition under section 1170.95 was denied on September 17, 2019, and none of the subsequent changes to section 1170.95 "impact the reasoning or ruling with regard to the court's previous denial of his petition."

Defendant appeals from the March 2022 order denying his resentencing petition, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. By letter dated October 14, 2022, we gave defendant 30 days to submit additional briefing or a letter stating any grounds for an appeal, or contentions, or arguments which he wishes this court to consider. To date he has not done so. We find no appealable issue and affirm the order.

## BACKGROUND

A detailed recitation of the facts is provided in our prior opinions. (*People v. Roberts* (Nov. 18, 2008, B201071) [nonpub. opn.] (*Roberts I*); *People v. Roberts* (Oct. 9, 2020, B302244) [nonpub. opn.] (*Roberts II*).) In sum, in 2007 defendant was tried for the murder of Donte Loeb. Per the opinion in *Roberts I*, the

_____

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

evidence established that Loeb was taking out the trash one night. Loeb's mother heard gunshots. Looking outside, she saw two men, one in the driver's seat of a car and the second standing next to the car. Loeb was leaning on a flowerbed, holding his side. He had been shot four times, fatally. Loeb's mother identified defendant and Derek Daron Cooper as the two men she saw that night. She said defendant was the car's driver. Two other witnesses identified defendant, and one witness said that defendant and Cooper had guns. Cooper and defendant were friends and they both belonged to a Crips gang. On the night of the shooting, Cooper's former girlfriend accompanied them several times to the shooting scene because they wanted to make sure the victim had died. Thereafter, whenever they passed that spot, Cooper and defendant would say, "[T]hat's where we flat lined that guy."

The jury found defendant guilty of first degree murder (§ 187, subd. (a)). The jury found not true a personal gun use allegation (§ 12022.53, subd. (d)) but found true a principal gun-use allegation (§ 12022.53, subds. (d) & (e)(1)). The jury also found a gang allegation true (§ 186.22, subd. (b)(1)(A)). On July 26, 2007, the trial court sentenced defendant to 50 years to life.

In July 2019, defendant petitioned for resentencing under section 1170.95. In his form petition, defendant checked boxes indicating: (1) a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder under one of those doctrines; and (3) he could not now be convicted of first or second degree murder because of changes to sections 188 and 189. Defendant also

3

checked boxes to indicate he was not the actual killer and had been convicted of second degree murder under the natural and probable consequences or the felony-murder doctrines. He did not ask the court to appoint counsel for him during the resentencing process. On September 17, 2019, the court summarily denied the petition without appointing counsel for defendant. In denying the petition, the court said it had relied on *Roberts I,* the court file containing minutes of the proceedings, jury instructions, and verdict forms. Those documents showed that the case was not prosecuted under either the felony murder or natural and probable consequences doctrines and that the jury was not instructed on either of those theories. Instead, defendant was convicted as a principal, under CALJIC Nos. 3.00 and 3.01, so the jury necessarily found that he harbored the requisite specific intent to kill either as a direct perpetrator or aider and abettor.

Defendant appealed the court's September 17, 2019, order and this court affirmed in *Roberts II. Roberts II* held "[t]he record of conviction establishes that [defendant] was not convicted of murder under either a felony murder or natural and probable consequences theory. The information alleged one sole count of murder against [defendant]. And the jury was not instructed on felony murder or on the natural and probable consequences doctrine. Rather, the jury was instructed on aider and abettor liability under CALJIC Nos. 3.00 and 3.01. This instructional scenario accords with the background. That is, [defendant] and his accomplice, both armed, approached the victim, and one or both shot him. After, [defendant] and his accomplice commented that they had shot the victim. [Defendant] was therefore convicted as a direct aider and abettor who acted with intent to kill." (*Roberts II, supra,* p. 8.) Although the California Supreme

4

Court granted defendant's petition for review pending disposition of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), it dismissed the petition on January 5, 2022. This court issued the remittitur on January 11, 2022.

On February 22, 2022, defendant filed a two-page form petition for resentencing under section 1170.95. Like he did in his prior petition, defendant checked boxes indicating: (1) a complaint, information or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of murder; and (3) he could not now be convicted of murder because of changes to sections 188 and 189.[3] Defendant also checked a box requesting the appointment of counsel.

On March 9, 2022, the court summarily denied the petition without appointing counsel and ruled as follows: "The court is in receipt of a petition for resentencing filed by defendant Joshua Roberts in which he alleges, pursuant to Penal Code section 1170.95, that he was convicted of murder, attempted murder, or manslaughter and that he could not presently be convicted of said crimes because of changes made to Penal Code sections 188 and 189 effective January 1, 2019. Defendant also seeks the appointment of counsel. Defendant fails to state that he previously filed a petition pursuant to Penal Code section 1170.95 which was considered by the court and denied on September 17, 2019. In its order the court found that the case was not

---

[3] This petition contained some new language—for example, that besides murder, defendant was convicted of attempted murder or manslaughter. The new language is not relevant to this appeal.

prosecuted based upon either a theory of natural and probable consequences or felony murder and the jury was not instructed on those theories. Rather[,] defendant was convicted as a principal pursuant to CALJIC instructions 3.00 and 3.01 and the jury had to have found that defendant harbored the requisite intent. While there were changes to Penal Code section 1170.95 effective after the date of the denial of defendant's previous petition, none of them impact the reasoning or ruling with regard to the court's previous denial of its petition. There is nothing which gives defendant the right to file a second and subsequent petition." Defendant filed a timely notice of appeal.[4]

## DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record. We discern no arguable issue.

Although we have not independently found authorities addressing the propriety of successive section 1170.95 petitions based on the same law and facts, there is such authority in the context of successive habeas petitions. In short, the rule as to habeas petitions is that absent some change in law or facts, the court will not consider repeated petitions presenting claims previously rejected, nor will the court consider new grounds for relief which were known to petitioner at the time of the prior petition. That is, a defendant cannot present his contentions on a

---

[4] On March 18, 2022, defendant filed a third petition for resentencing under section 1170.95. The court summarily denied that petition on April 4, 2022, explaining it was "successive and lacks justification for the filing of a successive petition." The April 2022 order is not challenged in this appeal.

piecemeal basis. Such successive petitions waste scarce judicial resources and undermine the finality of judgments. (*In re Reno* (2012) 55 Cal.4th 428, 460, 497, superseded by statute on other grounds in *In re Friend* (2021) 11 Cal.5th 720, 745.) Given that in *Lewis*, our Supreme Court indicated the prima facie determination in habeas petitions is analogous to that in section 1170.95 petitions (*Lewis, supra*, 11 Cal.5th at pp. 971, 973), it seems reasonable that that analogy would extend to include a rule barring successive section 1170.95 petitions.

Assuming the second petition was not barred as a successive petition, and since defendant's petition alleged all the required conditions for relief and requested appointment of counsel, the court was required to appoint counsel and allow the parties to file briefs before considering the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 957, 962–963, 971–972.) That said, we find the failure to appoint counsel and permit briefing to be harmless. Here, defendant was convicted of murder as a direct aider and abettor. And section 1170.95 did not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought. (*People v. Gentile* (2020) 10 Cal.5th 830, 848.) Because he is statutorily ineligible for relief, it is not reasonably probable that if defendant had been afforded assistance of counsel and the ability to file briefing, he would have avoided summary denial of his petition.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


RICHARDSON, (ANNE K.) J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.